## WILLIAM BROWN *vs.* WILLIAM O. BENJAMIN.

If the plaintiff in an action of tort in the nature of trespass *quare clausum* has testified that he was in the occupation of the premises, without being inquired of or testifying as to any title thereto, proof of a recent deed to his wife, to her sole and separate use, is not sufficient of itself to authorize the court to instruct the jury that the plaintiff had not such a title as to enable him to maintain his action.

TORT in the nature of trespass *quare clausum.*

At the trial in the superior court, before *Ames*, J., it appeared that the premises in question were a mill and mill privilege, and the acts complained of were alleged to have been committed between April 24th 1861 and May 14th 1862. It appeared that

the defendant had formerly owned the premises; and the plain-
tiff testified that between the above dates he was in the actual
occupation thereof, though he made no attempt to show any
other title than actual possession.    The defendant was per-
mitted to prove, against the plaintiff's objection, that on the
17th of May 1861 he executed a deed of the mill and mill priv-
ilege to the plaintiff's wife, to her sole and separate use; and
the judge ruled that even if the plaintiff occupied and carried
on the mill, yet, as it was the sole and separate property of his
wife, his occupation must be considered as her occupation, and
his possession was only as her bailiff, servant or agent; and that
he had not such a title in the property conveyed to her as to
entitle him to maintain an action for any alleged trespass thereon.

The jury returned a verdict for the defendant, and the plain-
tiff alleged exceptions.

*G. M. Brooks*, for the plaintiff.

*J. Q. A. Griffin*, for the defendant.

METCALF, J.    It is the opinion of the court that it was pre-
maturely ruled, at the trial, that the plaintiff " had not such a
title in the property conveyed to his wife as to entitle him to
maintain an action for any alleged trespass thereon."    This rul-
ing was made on the single ground that the occupation, by the
husband, of real estate conveyed to his wife for her sole and
separate use, must be considered as her occupation, and that his
possession is possession as her bailiff, servant or agent.    But,
assuming that his possession merely as her bailiff, servant or
agent, would not entitle him to maintain this action, yet it is
our opinion that it was not a necessary legal inference from the
only evidence on which the ruling was made, that he was in
possession merely as her bailiff, &c.    The plaintiff had testified
that he was in the occupation of the *locus in quo* at the time of
the alleged trespass upon it, and did not attempt to show any
title thereto, besides that of actual possession.    But the defend-
ant did not cross-examine the plaintiff concerning the nature of
his possession, nor was any evidence given of its nature, besides
the conveyance to the wife's sole and separate use; and there
are ways in which he may have had rightful possession in his

sole personal right. He may have been assignee of his wife's lessee ; or he may have received possession directly from her. As to a wife's separate property, she is regarded, in England, as a feme sole, and may transfer to her husband the same interest in it, if done freely, that she can to any other person. The possession, rents and profits of her separate real estate, she may undoubtedly give to him. 1 White & Tudor's Lead. Cas. in Eq. (3d Amer. ed.) 509. Jeremy on Eq. 208. Clancy on Husb. & Wife, 347 *&* seq. Bell on Husb. & Wife, 498. Reeve's Dom. Rel. (1st ed.) 165.

As no inquiry was made of the plaintiff, as there might have been, respecting the nature of his possession, and as there was no evidence that the defendant was not a mere stranger and wrongdoer, we cannot sustain the ruling that the evidence showed that the plaintiff could not maintain this action. For it is settled law, that actual possession of real estate is sufficient to enable the party in possession to maintain trespass *quare clausum fregit* against a stranger, and every one must be ·deemed a stranger, who cannot show any title or elder possession. By Shaw, C. J. 14 Pick. 301.

On a new trial, which is to be granted, it may be shown whether the plaintiff's possession was such as entitled him to maintain this action, and, if it was, whether the defendant can maintain a defence on the merits of the case.

*Exceptions sustained.*